# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

REGINALD CLEMONS, RICHARD D. CLAY, )
JEFFREY FERGUSON, and RODERICK )
NUNLEY, )
                          )
                Plaintiffs, )
                          )
v. )
                          )  Case No. 07-4129-CV-C-FJG
                          )
LARRY CRAWFORD, JAMES D. PURKETT, )
TERRY MOORE, and JOHN DOES 1-50, )
                          )
                Defendants. )

## ORDER

Currently pending before the Court is plaintiffs' Motion to Compel Discovery (Doc. # 31).

Plaintiffs state that the Missouri Department of Corrections ("DOC") has refused to produce execution personnel for depositions and have also refused to produce broad categories of responsive documents based primarily on generalized security concerns.

**A. Depositions of Execution Personnel**

Plaintiffs state that they wish to depose John Does II and V because it is believed that these individuals are expected to participate in any future executions. Plaintiffs state that they also intend to depose John Doe I because defendants represented that Doe I was consulted and provided advice concerning the development of the revised execution protocol.

Defendants state that live depositions are unnecessary and that the background, education and training of the team members can be uncovered through the use of

written interrogatories. With regard to the deposition of John Doe I, defendants state that John Doe's role in developing the protocol occurred before 2006. Defendants state that John Doe I did not directly provide advice to or consult with, the DOC in its development of the written execution protocol.

The Court finds that at this stage in the case, written interrogatories should first be submitted to John Does II and V. After reviewing the interrogatory responses, if plaintiffs' counsel still believe that depositions would be useful, they may request leave to take the depositions of these individuals. Although defendants have represented that John Doe I was not consulted and did not provide advice to the DOC regarding its development of the current written execution protocol, the Court would like John Doe I to provide plaintiffs' counsel and the Court with a sworn affidavit attesting to this fact. If John Doe I provides the affidavit stating that he was not involved in the development of the current protocol, then the Court finds that no deposition is necessary. However, if John Doe I was involved in some way in the development of the current protocol, then plaintiffs' counsel will be allowed to depose him regarding his involvement.

**B. Documents Withheld on Basis of State Law Privilege**

Plaintiffs state that the defendants have refused to produce certain documents because Mo.Rev.Stat. § 546.720 and § 217.075.1(3) create a privilege protecting such materials from disclosure. Plaintiffs argue that these statutes do not create a privilege that would permit defendants to withhold otherwise responsive material. Additionally, plaintiffs state that pursuant to federal law, state law privileges cannot be used to limit what evidence is discoverable in cases brought pursuant to federal statutes. Plaintiffs also state that any security concerns can be addressed through the use of a protective

2

order. Defendants admit that the courts can direct defendants to disclose the material, however they argue that important interests weigh against automatic disclosure of the information.

The Court agrees that there are important concerns regarding automatic disclosure of the information. However, these concerns can be addressed through the use of a protective order. The parties are directed to work together to develop an appropriate protective order which will address the defendants' concerns and then defendants shall produce the requested documents.

### C. Attorney-Client/Work Product Privileges

Plaintiffs state that the documents which the DOC has refused to produce fall into three broad categories: 1) drafts of the written execution protocol and related correspondence; 2) documents relating to attempts to obtain equipment for use in executions and 3) documents relating to recruitment and interviewing potential medical execution team members. Plaintiffs argue that the attorney-client privilege does not protect disclosure of these documents because the attorneys were not acting as legal counsel when they drafted the written protocol, considered whether to use a BIS monitor or drafted procedures for recruiting medical personnel. Plaintiffs note that in Scott v. City of St. Louis, 196 F.R.D. 551, 554-555 (E.D.Mo. 2000), the court found that when outside counsel ceased to function as attorneys and began to function as regulators, the agency could not invoke the attorney-client privilege. Plaintiffs argue that for the same reason, the attorney-client privilege should not apply in this case.

With regard to the work product privilege, plaintiffs state that the documents which they seek are at most ordinary work product, because they relate to the basic

3

facts of the case, the execution protocol and its drafts, as well as the DOC's exploration regarding certain medical equipment for use in executions.  Plaintiffs state that as ordinary work product, such documents are discoverable "when the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed.R.Civ.P. 26(b)(3)(A)(ii).  Plaintiffs argue that they have a substantial need for the documents because the DOC's mental state with respect to and understanding of the provisions of the protocol are directly at issue in this case.

Defendants argue that counsel for the DOC were attempting to put the protocol into a written format and that modifications were made based on assessments of the legal requirements applicable to executions at the time.  Defendants also state that whether or not special equipment is needed during executions is a matter of current legal dispute.  Finally, defendants state that assessments of appropriate modifications to an existing execution procedure and considerations concerning the acquisition of special equipment for use during executions are the epitome of legal work and fall within the bounds of the attorney/client and work product doctrines.

The Court disagrees and finds that neither the attorney-client privilege nor the work product privilege protect the requested documents from disclosure.

**D.  Discovery Beyond the Last Six Executions**

Plaintiffs state that in an effort to compromise, they have expressed a willingness to accept only those records related to the executions in which John Does II and V participated.  Defendants have refused to produce documents from past executions because the records "will provide no additional value" and production will be "unduly

4

burdensome." Plaintiffs argue however that execution records beyond the last six executions are highly relevant because they contain evidence regarding John Doe II and V's conduct during the executions and what problems if any arose and how they were handled. Plaintiffs also state that production would not be unduly burdensome because each set of records for the previous six executions was only between 20 and 60 pages long.

Defendants state that executions earlier than the last six have no relevance to the way executions will be conducted under the current protocol and the information is not likely to lead to the discovery of admissible evidence.

The Court disagrees and finds that the records may contain relevant information, particularly if John Does II and V will be participating in future executions. Accordingly, defendants are hereby directed to produce all past execution records in which either John Doe II or V participated.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS in part** and **DENIES in part** plaintiffs' Motion to Compel (Doc. # 31). Plaintiffs may submit written interrogatories to John Does II and V. If plaintiffs still feel that they need to depose these individuals, they may seek leave of Court to do so. Additionally, John Doe I is hereby **ORDERED** to provide both the Court and plaintiffs' counsel with a sworn affidavit detailing his involvement in the development of the current written execution protocol. If John Doe I was involved in the development of the current protocol, plaintiffs may depose him. Defendants are hereby **ORDERED** to produce the

5

documents requested by plaintiffs as well as all past execution records in which either John Doe II or John Doe V participated in.


Date: 3/17/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge