# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| REGINALD CLEMONS, RICHARD D. CLAY, JEFFREY FERGUSON, and RODERICK NUNLEY, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>) Case No. 07-4129-CV-C-FJG<br>)<br>LARRY CRAWFORD, JAMES D. PURKETT, TERRY MOORE, and JOHN DOES 1-50, )<br>)<br>)<br>Defendants. ) | |

## ORDER

Currently pending before the Court is defendants' Motion for Judgment on the Pleadings (Doc. # 47).

## I. BACKGROUND

Plaintiffs are prisoners with death sentences who claim that Missouri's implementation of its method of execution is unconstitutional because of the risk that the lethal chemicals may be improperly prepared or administered by unqualified and untrained personnel. Plaintiffs also claim a due process violation because they were not provided with adequate information so that an assessment of the qualifications of the execution personnel can be made.

## II. STANDARD

When considering a motion for a judgment on the pleadings, the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmovant. . . . Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter

of law.

Osby v. Citigroup, Inc., No. 07-CV-06085-NKL, 2008 WL 2074102, *1 (W.D.Mo. May 14, 2008)(internal citations and quotations omitted).

## III. DISCUSSION

Defendants argue that Missouri's Lethal Injection Protocol is constitutional because it is very similar to the protocol used in Kentucky, which was approved by the United States Supreme Court in Baze v. Rees, 128 S.Ct. 1520 (2008). Defendants state that the Supreme Court did not look into the qualifications of the persons who would be mixing and administering the thiopental. The State argues that plaintiffs' claims should be dismissed because there is no evidence that any errors occurred at past executions and even if there had been errors, Missouri has now adopted a written protocol that has added additional safeguards. Additionally, the State argues that regardless of who is administering the chemical and what their training may be, under the protocol, there are constitutionally adequate safeguards to prevent any likelihood that a condemned prisoner will experience any significant pain during their execution. The State argues that under Baze, the specific qualifications of the particular members of the execution team is not a relevant inquiry.

Plaintiffs state in response that their Complaint includes detailed allegations that defendants' procedures and personnel subject them to a substantial risk that could be easily alleviated. Plaintiffs argue that the State has historically employed execution personnel who have been unable to perform many of the critical tasks required to carry out an execution humanely. Plaintiffs state that the Department of Corrections will fail and has failed to adequately train and support these personnel in their performance of

2

the execution procedure. These failures are likely to lead to the maladministration of the execution procedure because the protocol leaves to the discretion of the execution team how several of the steps of the procedure will be carried out. Plaintiffs state that they have adequately pled a violation of their Eighth Amendment rights because they have alleged: (1) a "substantial risk of serious harm," and (2) feasible measures that if taken would "significantly reduce [the] substantial risk." Baze, 128 S.Ct. 1531-32. Plaintiffs also dispute the defendants' argument that Baze forecloses the factual basis for their claim. Plaintiffs argue that the Supreme Court did not hold that the training or experience of the execution team personnel could never be considered or might not be a factor in some future case. Plaintiffs state that the Supreme Court simply found that these were not issues in the Kentucky case. Plaintiffs also state that they have plead the existence of feasible less dangerous alternatives as required by Baze. Finally, plaintiffs state that they have adequately pled a violation of their right to information about the manner in which they will be executed.

In reply, defendants argue that there is no substantial risk of serious harm under Missouri's protocol because licensed medical personnel will prepare the drugs, set the IV's and check the inmate for signs of consciousness and inspect the IV site. Defendants argue that the Supreme Court found it unnecessary to probe behind the licensure of the team members into the details of their backgrounds, because these individuals are authorized to provide their services to the public. Defendants also argue that the allegations about incompetent personnel also fail because of the safeguards which are provided under the protocol to ensure that the prisoner will be unconscious before the second and third drugs are administered. The State also argues that the

3

plaintiffs' alternatives will not reduce any substantial risk of harm.  Finally, defendants argue that the plaintiffs have adequate notice of the procedures to be used at their executions.

"The standard of review for a Rule 12(c) motion is essentially the same as for Rule 12(b)(6). . . .[A] complaint must plead enough facts to state a claim to relief that is plausible on its face. . . . This does not require heightened fact pleading." Osby, 2008 WL 2074102 at * 1 (internal citations and quotations omitted).  Defendants go to great lengths to explain how Missouri's lethal injection protocol is similar to that of Kentucky's and argue that because the Supreme Court found Kentucky's protocol was constitutional, plaintiffs have no basis on which to challenge Missouri's protocol.  However, the allegations which the plaintiffs are raising in this case were not at issue and were not squarely addressed by the Supreme Court in Baze.  There is nothing in the Baze opinion which prevents plaintiffs from bringing the instant action.

## IV. CONCLUSION

Accordingly, as there is no insuperable bar to relief, the Court hereby **DENIES** defendants' Motion for Judgment on the Pleadings (Doc. # 47).


Date: 6/30/08　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　Chief United States District Judge

4