# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

REGINALD CLEMONS, RICHARD D. CLAY, )
JEFFREY FERGUSON, and RODERICK )
NUNLEY, )
                              Plaintiffs, )
                                    )
v.                                     ) Case No. 07-4129-CV-C-FJG

LARRY CRAWFORD, JAMES D. PURKETT, )
TERRY MOORE, and JOHN DOES 1-50, )
                              Defendants. )

## ORDER

On June 30, 2008, the Court denied defendants' Motion for Judgment on the Pleadings. However, upon further reflection of the decisions in Baze and Taylor, the Court reconsiders its decision and hereby **GRANTS** defendants' Motion for Judgment on the Pleadings.

> When considering a motion for a judgment on the pleadings, the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmovant. . . . Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.

Osby v. Citigroup, Inc., No. 07-CV-06085-NKL, 2008 WL 2074102, *1 (W.D.Mo. May 14, 2008)(internal citations and quotations omitted).

In their Complaint, plaintiffs allege that "[d]efendants have demonstrated a failure to employ qualified and trained personnel to discharge the medical tasks associated with the lethal injection procedure." (Complaint, ¶ 70). Plaintiffs further allege that

based on defendants' past failure to select trained and qualified personnel, there is a substantial likelihood that the personnel defendants will select to implement the revised procedure will also be unfit. This failure to select untrained personnel will result in a grave risk that plaintiffs will experience unconstitutional pain and suffering in the course of their executions. (Complaint, ¶¶ 71-73).

Since plaintiffs' Complaint was filed on July 9, 2007, the Supreme Court handed down its decision in Baze v. Rees, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) . Although the Supreme Court did not go into great detail regarding the qualifications of the members of Kentucky's execution team, the Supreme Court did offer some guidance. The Supreme Court noted in its opinion that the members of the Kentucky team all had at least one year of professional experience as a certified medical assistant, phlebotomist, EMT, paramedic or military corpsman. Additionally, the Court noted that each member of that team participated in at least ten practice sessions per year. Id. at 1533-34. The Supreme Court stated:

> [a] stay of execution may not be granted on grounds such as those asserted here unless the condemned prisoner establishes that the State's lethal injection protocol creates a demonstrated risk of severe pain. He must show that the risk is substantial when compared to the known and available alternatives. A State with a lethal injection protocol substantially similar to the protocol we uphold today would not create a risk that meets this standard.

Id. at 1537.

In Taylor v. Crawford, 487 F.3d 1072 (8th Cir. 2007), cert. denied, 128 S.Ct. 2047 (2008), the Eighth Circuit noted that Missouri's revised protocol calls for a physician, nurse or pharmacist to prepare the chemicals. The quantities of the chemicals may not be changed without prior approval of the department director. A physician, nurse or

2

emergency medical technician is responsible for inserting the intravenous lines and confirming that the IV lines are working properly. Additionally, both a primary and a backup IV are set in place. After the five grams of thiopental are injected, the medical personnel physically examine the prisoner to confirm unconsciousness. After confirming unconsciousness, the second and third chemicals are injected, if at least three minutes have passed since the thiopental was injected. Also, the Department recently indicated that an anesthesiologist with more than one year of professional experience has also been added to the execution team. Thus, the protocol now actually exceeds what the Taylor court found constitutional.

Plaintiffs argue that the State has historically employed execution personnel who have been unable to perform many of the critical tasks required to carry out an execution humanely. Plaintiffs state that the Department of Corrections has failed and will continue to fail to adequately train and support these personnel in the performance of the execution procedure and that these failures are likely to lead to the maladministration of the execution procedure because the protocol leaves to the discretion of the execution team how several of the steps of the procedure will be carried out.

The Court disagrees. The protocol which is currently in place leaves very little discretion to the members of the execution team. Although there is some discretion, that is to be expected, because every inmate and execution are different. However, the main components of the procedure are established and the members of the execution team are not allowed to significantly vary any of the major steps in the protocol without proper authorization.

3

Additionally, the members of the execution team are fully qualified to carry out the steps of the execution protocol. Plaintiffs wish to more extensively probe into the backgrounds of the team members and to question them regarding how they will carry out their duties. However, the law does not allow plaintiffs to select *the* most qualified medical personnel to serve on the execution team. The law requires only a year of professional experience. The law does not allow plaintiffs input into who will be performing the executions, as long as they have the requisite experience and are licensed in their field. As the Eighth Circuit stated in Taylor:

> The state has broad discretion to determine the procedures for conducting an execution . . .[W]e recognize that what could be done to update or even improve the protocol is not the appropriate legal inquiry to be undertaken by this or any other reviewing court. . . . Where the procedures are reasonably calculated to ensure a swift, painless death, they are immune from constitutional attack, . . . as the Constitution protects only against the wanton and unnecessary infliction of pain. What the Sixth Circuit said about the Tennessee protocol is equally true about Missouri's: The whole point of the [Missouri] lethal injection protocol is to avoid the needless infliction of pain, not to cause it. . . . The State's written protocol does not present any substantial foreseeable risk that the inmate will suffer the unnecessary or wanton infliction of pain.

Id. at 1084-85 (internal citations and quotations omitted).

After further reflection and analysis of the decisions in Baze and Taylor, the Court finds that there are no material issues of fact which remain to be resolved. The revised protocol which the Department of Corrections has now adopted is constitutional on its face as judged by the standards established by the Supreme Court.

Accordingly, the Court hereby **GRANTS** defendants' Motion for Judgment on the Pleadings (Doc. # 47); **DENIES** plaintiffs' Motion for Further Discovery (Doc. # 70); **DENIES** the Motions to Intervene filed by John Middleton, Russell Bucklew and Earl

4

Ringo, Jr. (Docs. # 76, 78 and 81), **GRANTS** defendants' Motion to Replace Exhibit G, attached to Document No. 83 (Doc. # 84), **GRANTS** the Motion to File a File-Stamped Copy of Motion for Stay of Execution (Doc. # 86) and **DENIES** defendants' Motion for Expedited Ruling with Regard to John Middleton's Motion to Intervene (Doc. # 87).

Date:  7/15/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge